**Affirmed and Opinion filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00647-CV

## JOE BALLARD, Appellant

## V.

## ARCH INSURANCE COMPANY AND TRANSFORCE, INC., Appellees

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-68526**

## O P I N I O N

This is an appeal of a summary judgment in favor of an employer and a workers' compensation carrier. The employee suffered a compensable injury to his left eye. The employee claimed the injury aggravated his pre-existing glaucoma and sought compensation for vision loss associated with glaucoma. In this appeal we are presented with questions about the qualifications of the designated doctor, and whether or not the record contains fact issues regarding the extent of the employee's injury, the employee's date of maximum medical

improvement (MMI), and the employee's impairment rating. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Joe Ballard suffers from chronic glaucoma. Ballard was working for appellee Transforce, Inc. delivering auto parts when a customer, angry about the delivery of an incorrect order, hit Ballard in the left eye with a box. Ballard sought medical treatment from ophthalmologists Dr. Florence Wooten and Dr. Michael Mapp. Dr. Wooten noticed a contusion. Transforce, Inc. and Arch Insurance Company (hereinafter the "Carrier Parties") agreed the contusion was a compensable injury and paid for the treatment.

Ballard alleges that the contusion aggravated his pre-existing glaucoma, causing the intraocular pressure to spike in his left eye, which he claims resulted in permanent blindness in his left eye. The Carrier Parties contend Ballard's vision loss resulted from his pre-existing glaucoma, not the compensable injury. Ballard and the Carrier Parties participated in a benefit review conference. After the benefit review conference, Ballard requested a contested case hearing. At the contested case hearing, the parties presented evidence to a hearing officer. The hearing officer determined Ballard was not entitled workers' compensation benefits for his vision loss. The officer determined Ballard's date of MMI was January 25, 2011, and his permanent impairment rating is zero percent. Ballard appealed that determination to the Appeals Panel of the Workers' Compensation Division. The Appeals Panel did not issue a decision and the hearing officer's decision became final.

Ballard then sought review in the trial court, where he challenged the conclusions of law that he had reached MMI, that he had an impairment rating of zero percent, and that the compensable injury did not include his glaucoma. The Carrier Parties filed a summary-judgment motion in which they asserted as

2

traditional summary-judgment grounds that Ballard's date of MMI was January 25, 2011, his impairment rating is zero percent, Dr. Philip Rothenberg, the doctor designated by the Division of Workers' Compensation, had the appropriate credentials to address Ballard's eye injury, and Ballard's eye injury did not extend to his glaucoma. The Carrier Parties also asserted a no-evidence ground that there was no evidence the compensable injury extended to glaucoma. The trial court granted the motion in its entirety and Ballard now challenges that ruling on appeal.

## II.     STANDARD OF REVIEW

In a traditional summary-judgment motion, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment

3

grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## III.     ANALYSIS

Ballard challenges the trial court's summary judgment in favor of the Carrier Parties in four issues. Ballard asserts the trial court erred in granting summary judgment because (1) fact issues preclude determining the Carrier Parties proved as a matter of law that Ballard reached MMI on January 25, 2011, (2) fact issues preclude finding the Carrier Parties proved as a matter of law that Ballard's impairment rating is zero percent, (3) Dr. Rothenberg was not qualified to give an opinion on the medical issues in the case, and (4) the interests of justice excuse any failure by Ballard to preserve error. We address Ballard's third issue first.

### A. Dr. Rothenberg's Qualifications

Because the parties disputed Ballard's impairment rating and date of MMI, the Division of Workers' Compensation appointed a designated doctor, Dr. Rothenberg, to evaluate Ballard. Ballard argues that Dr. Rothenberg's opinion should have been excluded because Dr. Rothenberg is not qualified to evaluate Ballard's condition.[1] In particular, Ballard argues that Dr. Rothenberg is a plastic surgeon rather than an ophthalmologist and therefore Dr. Rothenberg did not have the appropriate experience to examine Ballard.

Texas Labor Code section 408.0041(a) provides for the appointment of a designated doctor to resolve any question about the impairment caused by a compensable injury, the attainment of MMI, and the extent of an employee's compensable injury. Tex. Lab. Code Ann. § 408.0041(a) (West, Westlaw through 2015 R.S.). Section 408.0041(b) states that the medical examination shall be

---

[1] We presume for the sake of argument that Ballard timely presented this argument to the trial court and obtained a ruling on his objection.

4

performed by the next available doctor on the Division of Workers' Compensation's list of certified designated doctors whose credentials are appropriate for the area of the body affected by the injury and the injured employee's diagnosis as determined by commission rule. *Id.* § 408.0041(b). Texas Labor Code section 408.0043(b) provides that a designated doctor "who reviews a workers' compensation case must hold a professional certification in a health care specialty appropriate to the type of health care that the injured employee is receiving." *Id.* §§ 408.0043(b), 408.0043(a)(4).

In support of his argument that Dr. Rothenberg, as a plastic surgeon, is not qualified to perform an eye examination, Ballard argues that Texas Administrative Code section 127.130(b)(6) requires an eye exam to be conducted by an ophthalmologist. The provision does not apply in this case. *See* Tex. Admin. Code § 127.130(b)(6) (West, Westlaw through 2015 R.S.). It applies to eye examinations conducted after January 1, 2013, and the exam in this case occurred in January 2011. *See id.* But, Ballard argues even if the statute does not apply, this statute shows the Legislature intended for eye exams to be conducted by ophthalmologists. Section 127.130(b)(6) provides, "[t]o examine injuries and diagnoses relating to the eyes, including the eye and adnexal structures of the eye, a designated doctor must be a licensed medical doctor, doctor of osteopathy, or doctor of optometry." Dr. Rothenberg is a licensed medical doctor. Accordingly, even if section 127.130(b)(6) applied to this case, it would not preclude Dr. Rothenberg from examining Ballard's injuries. *See id.*

Dr. Rothenberg holds a professional certification in plastic surgery and his experience matrix indicates he has experience in performing surgery on the eyes, providing follow-up care for eyes, and prescribing eye medication after surgery. The hearing officer indicated the evidence strongly supports a determination that

Dr. Rothenberg is qualified to evaluate Ballard's injuries. Ballard was hit in the eye and suffered a contusion. Dr. Rothenberg is a specialist certified in surgery with experience performing eye surgery and taking responsibility for follow-up, including prescribing medication. Dr. Rothenberg had the qualifications to evaluate Ballard's impairment and date of MMI related to the contusion. Ballard argues that Dr. Rothenberg's experience matrix is "self-serving," but Ballard did not present any evidence that Dr. Rothenberg's experience matrix is inaccurate.

Ballard also asserts that Dr. Rothenberg did not perform an appropriate examination. The Carrier Parties assert Ballard waived this issue by failing to present it to the Appeals Panel. The Labor Code sets up a scheme for reviewing applications for workers' compensation benefits that is similar to other administrative-review schemes. *See* Tex. Lab. Code Ann. 410.001 et. seq. (West, Westlaw through 2015 R.S.); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803–04 (Tex. 2001). The statutory scheme requires a claimant to exhaust the claimant's administrative remedies before filing a claim in the trial court. *See Am. Motorists Ins. Co.*, 63 S.W.3d at 803–04; Tex. Lab. Code Ann. § 410.302 (b) (West, Westlaw through 2015 R.S.) (providing "[a] trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought"). To present an issue to the trial court, a claimant must have presented the issue at the contested case hearing and to the Appeals Panel. *See Trinity Universal Ins. Co. v. Berryhill*, No. 14-03-00629-CV, 2004 WL 744417, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 8, 2004, no pet.) (mem. op.) (noting there was no indication the issue was before the contested case hearing, concluding it was not before Appeals Panel, and determining claimant was precluded from seeking judicial review of the issue); *Southern Ins. Co. v. Brewster*, 249 S.W.3d 6, 16 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that "the issues decided by

the appeals panel are those decided in the contested-case hearing"). Under the statutory regime, a claimant is prohibited from raising new issues at later stages of review. *See* Tex. Lab. Code Ann. § 410.151(b) (West, Westlaw through 2015 R.S.); Tex. Lab. Code Ann. § 410.202(a), (c) (West, Westlaw through 2015 R.S.).

At the contested case hearing, only one issue was presented regarding Dr. Rothenberg: "Was Dr. Philip Rothenberg, M.D. appointed as the designated doctor in accordance with TEXAS LABOR CODE ANN. §408.0041 and Rule 126.7?" The hearing officer concluded Dr. Rothenberg was appointed as the designated doctor in accordance with Texas Labor Code section 408.041. In challenging this issue before the Appeals Panel, Ballard asserted that Dr. Rothenberg did not follow the American Medical Association's examination guidelines and therefore his report should not be adopted. The Appeals Panel did not issue a decision, so the hearing officer's decision became final. *See* Tex. Lab. Code Ann. § 410.204(c) (West, Westlaw through 2015 R.S.). That decision contained the conclusion of law that Dr. Rothenberg was appointed as the designated doctor in accordance with Labor Code section 408.041.

Ballard now seeks to raise the issue of whether Dr. Rothenberg's report should be excluded for failure to follow the American Medical Association guidelines. We conclude this issue was not before the Appeals Panel because Ballard did not raise the issue at the contested case hearing and the Appeals Panel was limited to the issues presented at the contested case hearing. *See* Tex. Lab. Code Ann. § 410.151(b) (West, Westlaw through 2015 R.S.); *Trinity Universal Ins. Co.*, 2004 WL 744417, at *3 (noting that although waiver was raised throughout the administrative process, the particular waiver claim raised in the judicial process had not been raised); *Krueger v. Atascosa County*, 155 S.W.3d 614, 620 (Tex. App.—San Antonio 2004, no pet.) (holding claimant could not raise

7

issue not decided by Appeals Panel). By failing to present this issue to the Appeals Panel, Ballard waived the issue. *See* Tex. Lab. Code Ann. § 410.302 (b) (providing "[a] trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought"); *Am. Motorists Ins. Co.*, 63 S.W.3d at 803–04; *Trinity Universal Ins. Co.*, 2004 WL 744417, at *3; *Southern Ins. Co.*, 249 S.W.3d at 16.

Because Ballard has waived any issue relating to whether Dr. Rothenberg performed an evaluation that complied with American Medical Association guidelines and because Dr. Rothenberg was qualified to perform the designated doctor evaluation, the trial court did not abuse its discretion by considering Dr. Rothenberg's opinions as part of the summary-judgment evidence. *See Abilene Indep. Sch. Dist. v. Marks*, 261 S.W.3d 262 (Tex. App.—Eastland 2008, no pet.). We overrule Ballard's third issue.

## B. Extent of the Compensable Injury

Under his first and second issues, Ballard argues that his compensable injury included the aggravation of his glaucoma. We conclude the Carrier Parties asserted both traditional and no-evidence summary-judgment grounds that Ballard's compensable injury did not include glaucoma.[2] A compensable injury is "damage or harm to the physical structure of the body." Tex. Lab. Code Ann. § 401.011(26) (West, Westlaw through 2015 R.S.). The aggravation of a pre-existing condition is a compensable injury. *See Peterson v. Continental Cas. Co.*, 997 S.W.2d 893, 895 (Tex. App.—Houston [1st Dist.] 1999, no pet.). To prove the

---

[2] In Ballard's petition, he sought to challenge the conclusion of law that the compensable injury did not extend to glaucoma. In their summary-judgment motion, the Carrier Parties wrote "there is no evidence that Plaintiff's condition has substantially changed or that his compensable injury extends to the left eye glaucoma." We conclude Ballard asserted a challenge to the Division's finding that the compensable injury did not cause his glaucoma and that the Carrier Parties asserted a no-evidence ground with respect to causation.

aggravation of a pre-existing condition, a claimant need not provide expert testimony, but a claimant must have evidence showing a reasonable medical probability that the compensable injury contributed to, or probably contributed to, the aggravation of the pre-existing condition. *See Klein Indep. Sch. Dist. v. Wilson*, 834 S.W.3d 3, 4 (Tex. 1992); *Humphrey v. AIG Life Ins. Co.*, No. 14-08-00973, 2010 WL 2635643, at *5 n.3 (Tex. App.—Houston [14th Dist.] Jul. 1, 2010, pet. denied) (noting that workers' compensation benefits are available only when a claimant proves a causal connection between the injury and the disability) (mem. op.).

Ballard asserts the record contains a fact issue on the extent of the compensable injury because evidence in the record shows the compensable injury aggravated his pre-existing glaucoma.[3]   The record contains the following evidence:

- Dr. Mitchell Porias performed a peer review in December 2010.  Dr. Porias reviewed Dr. Wooten's treatment notes.  Dr. Porias concluded that Ballard's current complaints relate to pre-existing glaucoma.  Dr. Porias determined "there is no causal relation between the injury and his current treatment."

- Dr. Rothenberg filed a medical report on January 25, 2011.  In his report, Dr. Rothenberg concluded there was no permanent impairment from the compensable injury.  Dr. Rothenberg determined Ballard attained MMI on January 25, 2011.  He determined Ballard's impairment rating is zero percent.

- In April 2011, Dr. Wooten challenged Dr. Rothenberg's report, characterizing his conclusion that there is no causal relationship between the compensable injury and the current treatment as "premature."  Dr. Wooten stated that "[t]he aggravation of Mr. Ballard's intraocular

---

[3] We presume for the sake of argument that this issue is fairly encompassed within the first issue Ballard presented to the Appeals Panel.  In his fourth issue, Ballard asserts "to the extent that Appellees argue that the issue of intraocular pressure was not raised by Appellant initially, this also violates all notions of equity."  We need not address this issue because we presume Ballard preserved error.  Ballard's fourth issue is overruled.

pressure may be caused by or at least aggravated by the injury." Dr. Wooten reached this conclusion because a "recognized connection" between trauma and elevated intraocular pressure showed "a causal connection, even if attenuated, could exist between the injury and later treatment for glaucoma."

- Dr. Porias performed a second peer review in June 2011. In that review, he addressed whether or not Ballard's current treatment was a result of the compensable injury. Dr. Porias stated:

  > I would opine that this is a pre-existing of advanced glaucoma[,] that the optic nerve imaging and visual field loss that occurred and examined approximately one week after the injury would be untenable. Retinal nerve fibers do not show this kind of loss unless there has been a chronic process.

  Dr. Porias noted "there is a small possibility that the glaucoma could have momentarily been worsened[,] however[,] based on the findings of the optic nerve imaging and the visual fields, angle recession and previous history of cataract surgery[,] I feel that this is an old pre-existing."

- In August 2011, Ballard saw Dr. Charles Miller. Dr. Miller determined that Ballard had glaucoma before the compensable injury. Dr. Miller stated that the ongoing treatment need for both eyes "is not related to the injury sustained in 2010." According to Dr. Miller, the compensable injury for a corneal abrasion and subsequent iritis was treated.

- In January 2012, after the contested benefit case hearing, Dr. Michael Mapp sent a letter to the Division stating that Ballard's pre-existing glaucoma became more difficult to manage after the injury. In particular, Dr. Mapp noted that the traumatic iritis resulting from the injury may have made it more difficult for Ballard to control his eye pressure. The eye pressure fluctuation required intervention. Dr. Mapp concluded that, as a result of intervention, Ballard's eye pressure stabilized and was controlled without glaucoma therapy. Dr. Mapp noted that Ballard's eye pressure fluctuation could have damaged an optic nerve in his left eye, but Dr. Mapp could not determine whether the injury caused damage because he had no documentation of Ballard's glaucoma before the injury.

- In August 2012, Dr. Mapp sent a second letter stating the permanent damage to Ballard's eyesight is a result of glaucoma. He wrote,

10

"glaucoma may have been a pre-existing condition, but that does not negate the fact that trauma to the eye may exacerbate the glaucoma and make it more difficult to manage."

Ballard argues that this evidence creates a fact issue regarding whether or not the compensable injury extended to the blindness in his left eye. The record contains evidence that several doctors concluded the compensable injury did not aggravate Ballard's pre-existing glaucoma to cause blindness. No doctor affirmatively stated that the trauma probably aggravated Ballard's pre-existing glaucoma; instead, their opinions were limited by the word "may." The record does not contain any causation evidence linking the compensable injury to an aggravation of Ballard's glaucoma.

Ballard points to the opinions of Dr. Wooten and Dr. Mapp to assert he has raised a fact issue, but neither doctor attested to more than the theoretical possibility that trauma could exacerbate glaucoma. Dr. Mapp stated generally that trauma to the eye can exacerbate glaucoma. Specifically, Dr. Mapp opined that traumatic iritis could have caused an eye pressure spike that could have damaged Ballard's optic nerve, but Dr. Mapp did not state that the trauma Ballard suffered made Ballard's glaucoma more difficult to control. Nor did Dr. Mapp address whether trauma could make glaucoma more difficult to control permanently. Dr. Wooten stated that an attenuated connection could exist between Ballard's injury and his later treatment for glaucoma, but she was unable to say this connection did exist. Dr. Miller explained that it was possible that the trauma could "momentarily worsen" glaucoma, but he explained that Ballard's loss was due to a chronic process. There is no causation evidence in the record showing that the compensable injury aggravated Ballard's pre-existing glaucoma. *See Ins. Co. of N. Am. v. Myers*, 411 S.W.2d 710, 714 (Tex. 1996) (holding evidence insufficient to prove injury was a producing cause of death when evidence expressed no more

than a medical possibility injury caused aggravation of pre-existing brain tumor). Because the record contains no causation evidence, the trial court did not err in granting summary judgment for the Carrier Parties on the ground that no evidence shows the compensable injury extended to glaucoma in the left eye. *See id.*

### C. Date Ballard Attained Maximum Medical Improvement

In his first issue, Ballard asserts that the trial court erred in granting the Carrier Parties' summary-judgment motion because Ballard raised a fact issue regarding his date of MMI. A doctor may certify an impairment rating when the employee reaches MMI. *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex. 1999). MMI is the point at which the employee's injury will not materially improve with additional rest or treatment. *Id.*

Ballard does not state which evidence raises a fact issue, nor does he explain whether he believes he has not yet reached MMI or reached MMI on another date. The record contains reports from Dr. Miller, Dr. Porias, Dr. Wooten, and Dr. Rothenberg. Only two of the doctors, Dr. Wooten and Dr. Rothenberg, address the date of MMI. Dr. Rothenberg stated that the date of maximum medical improvement was January 25, 2011. The Carrier Parties argue the trier of fact could not consider Dr. Wooten's opinion because she is not certified to perform MMI or impairment rating evaluations. Even presuming for the sake of argument that the trier of fact could consider Dr. Wooten's opinion, her opinion does not raise a fact issue because she provided the same date of MMI as Dr. Rothenberg. Dr. Wooten wrote that Ballard's date of MMI was on or near January 25, 2011. Because all of the evidence regarding MMI showed Ballard reached MMI on or near January 25, 2011, the trial court did not err in granting summary judgment on the Carrier Parties' claim that they proved as a matter of law Ballard attained MMI on January 25, 2011. *See Ausaf v. Highland Ins. Co.*, 2 S.W.3d 363, 367 (Tex.

12

App.—Houston [1st Dist.] 1999, pet. denied) (limiting jury's consideration of evidence to valid impairment ratings presented to Division). We overrule Ballard's first issue.

### D. Ballard's Impairment Rating

Dr. Rothenberg determined Ballard's impairment rating from the compensable injury is zero percent. Ballard argues the Carrier Parties have not proved his impairment rating is zero percent as a matter of law.

To obtain impairment benefits, an employee must be certified by a doctor as having reached MMI and must be assigned an impairment rating by a certifying doctor. *Fireman's Fund Ins. Co. v. Weeks*, 259 S.W.3d 335, 340 (Tex. App.—El Paso 2008, pet. denied). An impairment rating is defined as "the percentage of permanent impairment of the whole body resulting from the current compensable injury." *Id.* When a party challenges the Division of Workers' Compensation's impairment rating, the trier of fact is informed of the impairment rating assigned by the Division. Tex. Lab. Code Ann. § 410.306(c); *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 366 (Tex. 2012). In determining the extent of impairment, the finder of fact must adopt the specific rating of one of the physicians in the case. Tex. Lab. Code Ann. § 410.306(c). Evidence of the extent of impairment is limited to that presented to the Division, unless the court makes a threshold finding that the claimant's condition has changed substantially, in which case new evidence may be introduced.[4] *Tex. Workers' Compensation Comm'n v.*

---

[4] Ballard argues that the Division of Workers' Compensation was not required to accept Dr. Rothenberg's impairment rating because Texas Labor Code section 408.1225(c) allows the trial court to disregard an impairment rating if the preponderance of other medical evidence is to the contrary. Section 408.1225(c) does not apply to impairment ratings; it applies to the designated doctor's determination of whether an employee has reached MMI. *See* Tex. Lab. Code Ann. § 408.1225(c). Under Texas Labor Code section 410.306(c), the trial court is not required to accept Dr. Rothenberg's impairment rating, but it must accept an impairment rating

*Garcia*, 893 S.W.2d 504, 515 (Tex. 1995). The Division of Workers' Compensation's record is admissible to the extent allowable under the Texas Rules of Evidence. Tex. Lab. Code Ann. § 410.306(b).

Under his second issue, Ballard makes two main arguments. First, Ballard argues Dr. Rothenberg's impairment rating is invalid and should not be considered as evidence. Second, Ballard points to evidence in the record and argues it creates a fact issue regarding his impairment rating.

Ballard asserts Dr. Rothenberg's impairment rating is invalid because (1) Dr. Rothenberg is not qualified to provide an impairment rating, (2) Dr. Rothenberg did not follow the appropriate guidelines for issuing an impairment rating because he did not physically examine Ballard, and (3) this court should reject Dr. Rothenberg's impairment rating because his findings are inconsistent with the findings of the other providers in this case. We already have rejected Ballard's first two complaints. With respect to Ballard's third contention, our review of the record indicates that Dr. Rothenberg's findings are consistent with the findings of the other providers.

The record before the trial court contained only two impairment ratings. Dr. Rothenberg stated that Ballard's contusion had resolved and Ballard had a zero percent impairment rating as a result of the compensable injury. Even presuming for the sake of argument that (1) Ballard preserved error regarding his claim that Dr. Wooten's impairment rating is admissible evidence, and (2) Dr. Wooten's impairment is admissible evidence, Dr. Wooten's impairment rating does not raise a fact issue because it does not address the compensable injury. Dr. Wooten stated that because Ballard's "vision is 20/400[,] the corresponding percentage of loss noted in the PDR for Ophthalmology's impairment rating is 90%."

that was presented to the Division. *See id.* § 410.306(c).

14

We already have rejected Ballard's argument that the compensable injury includes aggravation of his pre-existing glaucoma. In her impairment rating, Dr. Wooten did not distinguish between Ballard's vision loss from his pre-existing glaucoma and his vision loss from the compensable injury. To the contrary, Dr. Wooten's impairment rating encompasses Ballard's overall vision loss, including vision loss from Ballard's pre-existing glaucoma. Because Dr. Wooten's impairment rating does not rate Ballard's impairment from the compensable injury, Dr. Wooten did not provide an "impairment rating that determined the percentage of permanent impairment of the whole body resulting from the current compensable injury." *Weeks*, 259 S.W.3d at 340.

The only other impairment rating in the record is Dr. Rothenberg's impairment rating of zero percent. If there is a valid rating, the trier of fact must accept an impairment rating from a physician in the case. Tex. Lab. Code Ann. § 410.306(c). Dr. Rothenberg's impairment rating is the only valid impairment rating that determines the extent of Ballard's impairment from the compensable injury. Accordingly, the trier of fact was required to accept Dr. Rothenberg's impairment rating. The trial court did not err in granting summary judgment for the Carrier Parties on the ground that they conclusively proved Ballard's impairment rating is zero percent. Accordingly, we overrule Ballard's second issue. *See* Tex. Lab. Code Ann. § 410.306(c); *Am. Zurich Ins. Co.*, 370 S.W.3d at 366.

## IV.    CONCLUSION

The trial court did not err in granting the Carrier Parties' summary-judgment motion because Dr. Rothenberg was qualified to conduct a designated-doctor examination of Ballard, and the record does not contain any fact issues with respect to (1) the extent of the compensable injury, (2) Ballard's date of MMI, and

(3) Ballard's impairment rating.  Accordingly, the judgment of the trial court is affirmed.


                                        /s/    Kem Thompson Frost
                                               Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.