**Affirmed and Memorandum Opinion filed June 6, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00153-CV

---

### ANTHONY WHITEHURST, Appellant

### V.

### NEW HAMPSHIRE INSURANCE COMPANY, Appellee

---

**On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 18DCV0465**

---

## M E M O R A N D U M   O P I N I O N

Appellant Anthony Whitehurst sought workers' compensation after he was involved in a motor vehicle accident at work. Appellee New Hampshire Insurance Company ("New Hampshire") was the workers' compensation carrier for Whitehurst's employer. Following disputes regarding the scope of Whitehurst's coverage, the parties proceeded through the administrative review process promulgated by the Texas Labor Code. A final administrative decision as to Whitehurst's coverage was reached in 2018.

Whitehurst appealed this decision to the trial court. The parties proceeded to a bench trial and the trial court signed a final judgment in New Hampshire's favor. Whitehurst appealed and, for the reasons below, we affirm the trial court's judgment.

Before delving into the facts and procedural history underlying this dispute, we begin with an overview of the administrative review process governing workers' compensation claims.

***Overview of the Workers' Compensation Administrative Review Process***

In 1989, the Legislature enacted the Texas Workers' Compensation Act to restructure the workers' compensation system. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 510 (Tex. 1995). The Act prescribes a three-step administrative review process for the disposition of claims. *See generally* Tex. Lab. Code Ann. §§ 410.002-410.308.

The process begins with a benefit review conference, which is "a nonadversarial, informal dispute resolution proceeding." *Id*. § 410.021. The purpose of the conference is to "delineate the disputed issues" and "mediate and resolve disputed issues by agreement." *Id*. After the conference, the benefit review officer must "prepare a written report that details each issue that is not resolved." *Id*. § 410.026(a)(4). The report also must include "(1) a statement of each resolved issue; (2) a statement of each issue raised but not resolved; [and] (3) a statement of the position of the parties regarding each unresolved issue". *Id*. § 410.031(b)(1)-(3).

The parties then may proceed to a contested case hearing. *See id*. § 410.151(a). There, the Labor Code expressly bars a hearing officer from

2

considering any "issue that was not raised at a benefit review conference or that was resolved at a benefit review conference" unless "the parties consent" or "the commissioner determines that good cause existed for not raising the issue at the conference." *Id*. § 410.151(b). The hearing officer provides "a written description of the benefit dispute or disputes to be considered by the hearing officer." 28 Tex. Admin. Code Ann. § 142.7(a).

If a party wishes to appeal the officer's findings after a contested case hearing, the party may bring their case to an appeals panel. *See* Tex. Lab. Code Ann. § 410.202(a). The party must "clearly and concisely rebut . . . the decision of the [hearing officer] on each issue on which review is sought." *Id*. § 410.202(c); *see also* 28 Tex. Admin. Code Ann. § 143.3(a)(2) ("The request [for an appeal panel's review shall] clearly and concisely rebut each issue in the hearing officer's decision that the appellant wants reviewed, and [it must] state the relief the appellant wants granted[.]").

The appeals panel's decision marks the end of the administrative review process. *See* Tex. Lab. Code Ann. § 410.205(a). Only after exhausting that process may the parties seek judicial review. *See id*. § 410.251; *see also State Off. of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 270-71 (Tex. 2017).

***Facts and Procedural History***

Whitehurst was injured in the course and scope of his employment on September 15, 2015, when he was involved in a motor vehicle accident at work. Whitehurst asserts that he sustained injuries to his arms, shoulders, knees, neck, and lower back as a result of the accident. New Hampshire accepted liability for a right wrist contusion, right wrist strain, right wrist distal radial fracture, blunt head trauma, and headaches.

The parties proceeded to a benefit review conference in 2017. *See* Tex. Lab. Code Ann. § 410.021. After the conclusion of the conference, the benefit review officer listed three issues that were not resolved: (1) the extent of Whitehurst's compensable injuries; (2) whether Whitehurst reached maximum medical improvement[1] and, if so, on what date that occurred; and (3) if Whitehurst reached maximum medical improvement, the applicable impairment rating.[2] The benefit review officer summarized the parties' positions on these disputed issues as follows:

Extent of Compensable Injuries

- Whitehurst: Compensable injuries include (1) right SLAP lesion; (2) right bicipital tendonitis; (3) right subacromial bursitis; (4) bilateral shoulder sprain/strain; (5) left medial neuropathy at the flexor retinaculum; (6) right leg contusion; (7) cervical sprain/strain; (8) cervical radiculopathy at C5-C6; (9) nerve root irritation at C5-C6; (10) lumbar sprain/strain; (11) depression; and (12) aggravation of right rotator cuff tear.

- New Hampshire: The compensable injuries do not include those listed by Whitehurst. New Hampshire accepted liability only for (1) right wrist contusion; (2) right wrist strain; (3) right wrist distal radial fracture; (4) blunt head trauma; and (5) headaches.

Maximum Medical Improvement

- Whitehurst: He has not reached maximum medical improvement and needs additional medical treatment for the compensable injury.

- New Hampshire: Whitehurst reached maximum medical improvement on September 14, 2016.

---

[1] As relevant here, "maximum medical improvement" means the earlier of (1) the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can longer reasonably be anticipated; or (2) the expiration of 104 weeks from the date on which income benefits begin to accrue. Tex. Lab. Code Ann. § 401.011(30).

[2] "Impairment rating" refers to the percentage of permanent impairment of the whole body resulting from the compensable injury. Tex. Lab. Code Ann.§ 401.011(24).

4

Impairment Rating

- Whitehurst: Because he has not reached maximum medical improvement, an impairment rating is premature.
- New Hampshire: Whitehurst's impairment rating is 0%.

In 2018, the parties attended a contested case hearing to decide the disputed issues outlined above. *See id*. § 410.151(a). After the hearing's conclusion, the hearing officer made the following determinations:

- In addition to those injuries for which New Hampshire accepted liability, Whitehurst's compensable injuries also include (1) a right leg contusion; (2) bilateral shoulder sprains/strains; (3) a cervical sprain/strain; and (4) a lumbar sprain/strain.
- The compensable injury does not include (1) right SLAP lesion; (2) right bicipital tendonitis; (3) right subacromial bursitis; (4) left medial neuropathy at the flexor retinaculum; (5) cervical radiculopathy at C5-C6; (6) nerve root irritation at C5-C6; (7) depression; and (8) aggravation of right rotator cuff tear.
- Whitehurst reached maximum medical improvement on September 14, 2016.
- Whitehurst's impairment rating is 4%.

Whitehurst appealed the hearing officer's determination to an appeals panel. *See id*. § 410.202(a). The appeals panel affirmed the hearing officer's determination.

Whitehurst then appealed the decision to the Chambers County district court. *See id*. § 410.251. The parties proceeded to a bench trial in October 2020 and the trial court signed a final judgment on December 22, 2020. The trial court made the same determinations as the hearing officer regarding the scope of Whitehurst's compensable injury, the date he reached maximum medical improvement, and his impairment rating. The trial court also issued findings of fact and conclusions of law. Whitehurst timely filed this appeal.

ANALYSIS

Whitehurst represented himself pro se in the trial court and continues to do so on appeal. A pro se litigant is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure, including appellate rules; otherwise, a pro se litigant would benefit from an unfair advantage over parties who are represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Liberally construed, Whitehurst's appellate brief appears to raise four issues:

1. Because New Hampshire failed to timely challenge certain injuries as included within the realm of Whitehurst's "compensable injuries," the trial court lacked subject matter jurisdiction to exclude these injuries from those for which Whitehurst may receive compensation.

2. The trial court "violated the Constitution's separation of powers provision" by "rewriting the legislation" to exclude certain injuries from those included within Whitehurst's compensable injuries.

3. Because the designated doctor failed to evaluate all of Whitehurst's injuries, the trial court cannot properly rely on his opinions regarding Whitehurst's maximum medical improvement and impairment rating.

4. The trial court "violated the Constitution's separation of powers provision" by permitting the designated doctor to fail to complete the designated doctor examination and subsequent reports and documentation.

We begin by analyzing together Whitehurst's first and second issues since they raise similar arguments.

## I. Scope of Whitehurst's Compensable Injuries

When an insurance carrier receives a medical bill that includes treatment or services the carrier believes is not related to the compensable injury, the carrier has 45 days from the receipt of the medical bill to file a notice of dispute of extent of

injury. *See* 28 Tex. Admin. Code Ann. §§ 124.3(e) (requiring insurance carrier to dispute bill containing allegedly unrelated treatments or services not later than the time to pay or deny medical bill in chapter 133 of title 28 of the Texas Administrative Code), 133.240(a) (setting 45-day deadline for insurance carrier to make or deny payment on medical bill); *see also Zurich Am. Ins. Co. v. Debose*, No. 01-13-00344-CV, 2014 WL 3512769, at *3 (Tex. App.—Houston [14th Dist.] July 15, 2014, pet. denied) (mem. op.). Citing this deadline, Whitehurst argues in his first and second issues that New Hampshire failed to timely dispute the extent of his claimed injury.

Whitehurst's injury occurred on September 15, 2015, and Whitehurst subsequently visited several medical providers. Whitehurst points to evidence in the record showing these providers diagnosed him with the following conditions:

1. right rotator cuff tear;
2. right shoulder SLAP lesion;
3. left median neuropathy at the flexor retinaculum;
4. cervical radiculopathy at C5-C6;
5. nerve root irritation; and
6. depression.

Whitehurst asserts that, because New Hampshire did not timely dispute the bills containing the allegedly unrelated treatment or services rendered for these conditions, New Hampshire is estopped from asserting that they fall outside the scope of Whitehurst's compensable injuries. *See* 28 Tex. Admin. Code Ann. §§ 124.3(e), 133.240(a). Accordingly, Whitehurst argues, the trial court erred by excluding these injuries from Whitehurst's compensable injuries.

However, because these contentions regarding New Hampshire's compliance with the 45-day deadline were not raised in the administrative process,

we lack jurisdiction to consider them on appeal.

"The Texas Workers' Compensation Act vests the Workers' Compensation Division with exclusive jurisdiction to determine a claimant's entitlement to medical benefits." *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009). When an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). This exhaustion requirement ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court of general jurisdictional addresses those issues. *In re Metro. Transit Auth.*, 334 S.W.3d 806, 811 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding [mand. denied]).

Accordingly, a trial court lacks subject matter jurisdiction to review a worker's compensation claim decision until all the administrative steps have been exhausted. *See* Tex. Lab. Code Ann. § 410.302(b) ("A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought."); *see also In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d 832, 838 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). "To present an issue to the trial court, a claimant must have presented the issue at the contested case hearing and to the Appeals Panel." *Ballard v. Arch Ins. Co.*, 478 S.W.3d 950, 955 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

This precept has been applied in cases where, as here, the appellant asserts that the insurance carrier waived its ability to protest the extent of a claimant's injury. *See, e.g., Menchaca v. Ins. Co. of the State of Pa.*, No. 01-18-01122-CV, 2020 WL 6435775, at *3-4 (Tex. App.—Houston [1st Dist.] Nov. 3, 2020, pet. denied) (mem. op.); *Zurich Am. Ins. Co.*, 2014 WL 3512769, at *6-7.

In *Menchaca*, the claimant argued on appeal that the insurance carrier waived its right to contest compensability or extent of injury. 2020 WL 643775, at *3. Concluding this issue was outside of its jurisdiction, the court reasoned:

> Because a trial court is limited to issues decided by the appeals panel and on which judicial review is sought, and we see no evidence that the issue of waiver was presented or raised before the Hearing Officer or the Appeals Panel, we hold that Menchaca has waived judicial review of the issue.

*Id*. at *5 (internal quotation omitted).

In *Zurich American Insurance Co.*, the claimant asserted in the administrative review process that the insurance carrier failed to contest **compensability** of certain injuries by the 60th day after the carrier received notice of the injuries, thus waiving the right to contest compensability at all. *See* 2014 WL 3512769, at *3, *7 (citing Tex. Lab. Code Ann. §§ 409.021, 409.022). But in the trial court, the claimant argued that the insurance carrier also could not contest the **extent**[3] of the injury since it did not comply with the applicable 45-day deadline. *See id*. at *6 (citing 28 Tex. Admin. Code Ann. §§ 124.3(e), 133.240(a)). Concluding that this argument was waived, our sister court stated:

> The only issue of waiver presented to the hearing officer or the appeals panel was whether [the insurance carrier] had waived its right to contest payment pursuant to section 409.021 and 409.022 of the Texas Labor Code. These sections do not establish the 45-day deadline to contest extent of injury in a bill. That, instead, is governed by sections 124.3 and 133.240 of title 28 of the Texas Administrative Code. Because waiver under these sections of the Administrative Code was never presented for consideration in the administrative

---

[3] The Texas Supreme Court previously has recognized that the Texas Administrative Code draws a distinction between denying compensability in general and denying the extent of injury specifically. *See State Off. of Risk Mgmt. v. Lawton*, 295 S.W.3d 646, 649 (Tex. 2009) ("When a carrier disputes the extent of an injury, it is not denying compensability of the claim as a whole, it is disputing an aspect of the claim[.]" (internal quotation omitted)).

review process, the trial court lacked jurisdiction to consider it.

*Id.* at \*7; *see also Ballard*, 478 S.W.3d at 955 (court lacked jurisdiction to consider claimant's argument that examining doctor "fail[ed] to follow the American Medical Association guidelines" because that argument was not raised in the administrative review process).

Here, Whitehurst does not point to any evidence in the record showing his issues regarding New Hampshire's alleged failure to comply with the 45-day deadline for an extent-of-injury challenge were raised in the administrative review process. Likewise, our review of the record did not find any evidence of such. By failing to present this issue in the administrative review process, Whitehurst waived it. *See* Tex. Lab. Code Ann. § 410.302(b); *see also, e.g.*, *Menchaca*, 2020 WL 6435775, at \*3-4; *Ballard*, 478 S.W.3d at 955; *Zurich Am. Ins. Co.*, 2014 WL 3512769, at \*6-7. Therefore, the trial court did not err by excluding the six injuries listed above from those for which it determined Whitehurst may properly receive compensation.

We overrule Whitehurst's first and second issues.

## II.    Whitehurst's Maximum Medical Improvement and Impairment Rating

In his third and fourth issues, Whitehurst challenges the maximum medical improvement and impairment ratings supplied by the designated doctor, Dr. John Kirkwood.

The Texas Labor Code provides for the appointment of a designated doctor to resolve any questions about the impairment caused by a compensable injury, the attainment of maximum medical improvement, and the extent of an employee's compensable injury. *See* Tex. Lab. Code Ann. § 408.0041(a). After completing the examination, the designated doctor must provide a narrative report that

10

(1) provides a clearly defined answer for each question addressed, and (2) sufficiently explains how the doctor determined the answer to each question. *See* 28 Tex. Admin. Code Ann. § 127.220(a)(2), (3). This narrative report provides support for the assessment of maximum medical improvement and impairment ratings. *See id.* § 130.1(b), (c).

Citing these sections, Whitehurst asserts that Dr. Kirkwood did "not resolve[] the extent of injury question for 3 out of 12 injuries" Whitehurst listed on his intake form. Therefore, Whitehurst argues, "Dr. Kirkwood's certification of maximum medical improvement date of September 14, 2016 and 4% impairment rating [are] **<u>VOID AB INITIO</u> and therefore cannot be used to support findings of fact, conclusions of law nor a final judgment**." (emphasis in original).

But as with the arguments Whitehurst raised in issues one and two, his challenges to the sufficiency of Dr. Whitehurst's medical examination had to be raised in the administrative review process to permit the trial court to exercise jurisdiction over the issue. *See* Tex. Lab. Code Ann. § 410.302(b); *see also, e.g.*, *Ballard*, 478 S.W.3d at 955 (court lacked jurisdiction to consider claimant's argument that examining doctor failed to follow certain guidelines because that argument was not raised in the administrative review process). Whitehurst did not point out, and our review of the record did not find, any evidence showing these issues were raised in the underlying administrative review process. Therefore, these issues were outside the trial court's jurisdiction and do not provide a basis to challenge the trial court's findings on Whitehurst's maximum medical improvement and impairment rating. *See* Tex. Lab. Code Ann. § 410.302(b); *Ballard*, 478 S.W.3d at 955.

We overrule Whitehurst's third and fourth issues.

11

## CONCLUSION

We affirm the trial court's December 22, 2020 final judgment.

/s/     Meagan Hassan
         Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.