## HOLLY PARK CONDOMINIUM HOMEOWNERS' ASSOCIATION, INC., Appellant,

v.

## Rene LOWERY, Appellee.

## No. 05–08–01366–CV.

Court of Appeals of Texas, Dallas.

March 26, 2010.

Rehearing Overruled May 21, 2010.

Marc D. Markel, Amy Vanhoose, Pamela W. Montgomery, David M. Kriewaldt, Houston, for appellant.

Frank E. McLain, Dallas, for appellee.

Before Justices FITZGERALD, MURPHY, and MYERS.

## OPINION

Opinion by Justice FITZGERALD.

Rene Lowery sued the Holly Park Condominium Homeowners' Association, Inc. (the "Association") alleging wrongful foreclosure. The trial court granted summary judgment in Lowery's favor, and the Association appeals. In a single issue, the Association contends the trial court erred in granting the motion because its foreclosure of Lowery's condominium unit complied with Texas law and with all governing documents. We affirm the trial court's judgment.

## BACKGROUND

The material facts in this case are not in dispute. Holly Park Condominiums recorded its declaration in 1979. The Association administers the operation and management of the condominiums. Lowery owned a condominium in Holly Park, but, beginning in January 2007, she failed to pay her monthly assessment. In August of 2007, after giving Lowery notice of default, the Association conducted a nonjudicial foreclosure on her condominium and then sold the property.

Lowery sued for wrongful foreclosure and sought a declaratory judgment finding the non-judicial foreclosure void. The parties filed cross motions for summary judgment. Lowery's motion contended that only a judicial foreclosure was permitted under her declaration. It contended further that the Texas statutes governing condominium regimes did not abrogate this specific contractual right. The Association—in its response to Lowery's motion and in its own motion—argued its nonjudicial foreclosure was valid and authorized by statute.

The trial court did not rule on the Association's motion. It granted Lowery's motion, concluding that Lowery was entitled to a judicial declaration:

a. that the Texas Uniform Condominium Act and in particular Section 82.113, does not abrogate Plaintiff's rights stated under Article II, Section 4 of Condominium Bylaws, which bylaws are incorporated in the Condominium Declaration, and which require judicial foreclosure of the Condominium Association's lien

against Plaintiff's Condominium Unit.

b. that Defendant Holly Park Condominium Association Homeowner's Association's non-judicial foreclosure on the condominium unit made the subject of this litigation, that is Unit 141, Building B of Holly Park Condominium Regime, situated in Dallas, Dallas County, Texas, commonly known as 7510 Holly Hill ("the Condominium Unit"), be set aside and held for naught; and,

c. that the enforcement of any assessment lien held by Holly Park Condominium Homeowner's Association, Inc., shall be by judicial foreclosure in accordance with Article II, Section 4, of the Condominium Bylaws, which bylaws are incorporated in the Condominium Declaration and consequently, the non-judicial foreclosure by Holly Park Condominium Homeowner's Association, Inc., violates said Article II, Section 4.

The trial court also awarded Lowery attorney's fees. The court then severed the declaratory judgment from the remainder of the case. The Association appeals.

## STANDARD OF REVIEW AND APPLICABLE LAW

The standard for reviewing a summary judgment is well established: the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and she is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). We uphold a summary judgment on any ground supported by the evidence and pleadings. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). In this case, we must determine the meaning and applicability of various statutory provisions governing condominium regimes. In construing statutes, we

ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006).

The parties agree fundamentally on what substantive law applies in this case. Because the Holly Park condominium regime was created before January 1, 1994, it is governed primarily by the Condominium Act (the "Old Act"), codified at chapter 81 of the Texas Property Code. *See* TEX. PROP.CODE ANN. § 81.0011(a). However, the condominium regime is also governed by the Uniform Condominium Act (the "Uniform Act"), codified at chapter 82 of that code, to the extent provided by section 82.002. *Id.* § 81.0011(b). Section 82.002, in turn, sets forth a list of specific provisions in the Uniform Act that apply to pre–1994 condominium regimes. Those listed provisions apply only to events and circumstances occurring after January 1, 1994, and they "do not invalidate existing provisions of the declaration, bylaws, or plats or plans of a condominium for which the declaration was recorded before January 1, 1994." *Id.* § 82.002(c).

Among the listed provisions of the Uniform Act that conditionally apply to the Holly Park condominium regime is section 82.113, which addresses assessments levied by an association against a unit owner. *See id.* The Old Act does not provide an association with any method of enforcing its owners' obligation to pay assessments, with the single exception of an association's claim for unpaid assessments against sales proceeds when an owner sells her unit. *Id.* § 81.208. But section 82.113 of the Uniform Act, titled "Association's Lien for Assessments," provides that an assessment levied by an association is a personal obligation of the owner, secured by a continuing lien on the condominium unit. *Id.* § 82.113(a).

### LOWERY'S RIGHT TO JUDICIAL FORECLOSURE

Lowery's claim of a right to judicial foreclosure involves the interplay of statutory and contractual provisions. Specifically, the existence of such a right depends upon the interpretation of section 82.113 and Lowery's own declaration. Not surprisingly, the parties encourage us to interpret these provisions differently.

### Lowery's Declaration

Section 3 of Holly Park's bylaws, which have been incorporated fully into the declaration, initially addresses the issue of assessment obligations in a manner consistent with the Old Act. It provides that unpaid assessments will bear interest, and it grants the Association the right to collect those unpaid assessments, plus interest, from sales proceeds in accordance with the Old Act. *See id.* § 81.208 (codification of TEX.REV.CIV. STAT. ANN. art. 1301a, § 18, specifically referenced in declaration). But Lowery's declaration goes further than the Old Act in this regard. Section 4 states:

> In addition to the remedies set forth above, the assessments, together with interest, costs, and reasonable attorney's fees, shall be a charge on the Apartment–Home and shall be a continuing lien upon the Apartment–Home against which such assessment is made. *Enforcement of such lien shall be by judicial foreclosure,* however, such proceedings shall not be commenced until the assessment is ninety (90) days past due. (Emphasis added.)

Thus, the Association has considerably more authority under the declaration than it would have had under the Old Act alone. The Association can employ the judicial process to foreclose its lien on the unit of an owner in default. Lowery maintains this judicial foreclosure represents the outer limit of the Association's right to enforce its assessment lien.

### Section 82.113(e)

■ The Uniform Act gives an association the right "to foreclose its lien judicially or by nonjudicial foreclosure pursuant to its power of sale created by this chapter or the declaration." *Id.* § 82.113(e). The Uniform Act also provides that by acquiring a unit, an owner grants the association a power of sale in connection with its lien. *Id.* § 82.113(d). The Association relies on this statutory grant of the rights to foreclose judicially or nonjudicially and to sell the unit thereafter. It argues these statutory rights trump any limitation in Lowery's declaration.

Lowery argues that subsection (e)'s grant of the right to foreclose judicially or nonjudicially is limited by the language immediately preceding it: "Except as provided by the declaration, an association shall exercise its power of sale pursuant to section 51.002." *Id.* § 82.113(d). According to Lowery, this sentence means the subsection (e) authority to foreclose judicially or nonjudicially operates "[e]xcept as provided by the declaration." We cannot agree. Subsection (d) deals with the power of sale, not with the foreclosure process that precedes sale of the property. The plain language of the quoted sentence—as well as its placement in subsection (d)—indicates the sentence speaks only to the issue of sale, not to the method of foreclosure.

Nor does the reference to section 51.002, governing sale of property pursuant to a contract lien (i.e., a nonjudicial foreclosure), limit the applicability of subsection (d). The sentence concerns the manner in which the newly granted power of sale is to be exercised. The drafters of the Uniform Act looked to this previous legislative construct, which outlines procedures for

the sale, including requirements of notice and of a particular time and place for the sale. *Id.* at 51.002. Section 51.002 safeguards the integrity of the sale of property. Subsection (e)'s final sentence, likewise, provides safeguards for the sale of property: the sale must follow these statutory procedures unless the parties have agreed in their declaration that other procedures will govern. *Id.* at § 82.113(e). Although the provision means an owner cannot be faced with a sale of her condominium at an undisclosed location at an unknown time, it does not limit an association's right to choose its method of foreclosure.

### Conditional Application of Section 82.113(e)

■ We have concluded that section 82.113(e) represents a broad grant of authority, which is not limited by the language of section 82.113(d). However, the application of section 82.113(e) is not completely unlimited. As we discussed above, section 82.113 applies to the Holly Park condominium regime only because the Uniform Act specifically includes the section in its list of provisions that apply to condominiums created before that act's effective date. *See id.* § 82.002(c). And that application is clearly conditional: section 82.113 can be applied only to the extent that it does not invalidate existing provisions of Lowery's declaration or bylaws. *See id.*

The declaration in this case balanced the interests of the parties on the issue of unpaid assessments. It specifically provided the Association with an assessment lien and a method of enforcing that lien, although the Old Act did not provide either

of those mechanisms. At the same time, the declaration assured Lowery that she would have her day in court before her property could be sold for unpaid assessments. This was the parties' agreement; it is laid out in an existing provision of the bylaws, incorporated into the declaration. Any application of section 82.113(e) that allowed nonjudicial foreclosure without Lowery's approval would upset the balance for which the parties contracted. It would invalidate an existing provision of the declaration or bylaws and, thus, would violate the property code. *See id.*[1]

The Association relies on a provision in the Uniform Act stating that "[e]xcept as expressly provided by this chapter, provisions of this chapter may not be varied by agreement, and rights conferred by this chapter may not be waived." *Id.* § 82.004. But Lowery's declaration did not vary the Uniform Act; the Uniform Act did not even exist until some fifteen years after that declaration was filed. Section 82.004 can only be read to apply to agreements or waivers that occur after the act's effective date, January 1, 1994. And because section 82.004 is not among the provisions listed in section 82.002 as being applicable to regimes created before that date, it does not even apply to the declaration in this case going forward.

### CONCLUSION

The Uniform Act provides broad grants of authority to condominium associations to enforce assessment liens as they choose. But for condominium regimes created before the Uniform Act's effective date, the association's authority is limited by specific existing provisions to the contrary in the

---

1. We reject the Association's post-submission suggestion that section 82.002(c) requires section 82.113 (and presumably all sections listed in section 82.002(c)) to apply unless it "invalidate[s] wholly the condominium asso-ciations' declarations and bylaws." The statute clearly refers to the invalidation of "existing provisions" of the declaration or bylaws. *Id.* at 82.002(c).

owner's declaration. Lowery's declaration allows only judicial foreclosure of assessment liens. Thus, section 82.113(d)'s provision allowing nonjudicial foreclosure does not apply in her case. The trial court did not err by granting summary judgment for Lowery. We overrule the Association's single issue and affirm the trial court's judgment.