**Affirmed in Part, Reversed in Part, and Remanded. Memorandum Opinion filed September 20, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00376-CV

---

### MANUEL AL FRIAS, Appellant

### V.

### SOVRAN HHF STORAGE HOLDINGS, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1031244**

---

## MEMORANDUM OPINION

Manuel Al Frias sued Sovran HHF Storage Holdings, LLC (d/b/a Uncle Bob's Storage, hereinafter "Uncle Bob") after Uncle Bob seized and sold the property in Frias's self-storage unit. The trial court granted Uncle Bob summary judgment on Frias's claims for violating the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), theft, conversion, and trespass to personal

property. We hold that Frias raised a fact issue on his DTPA and trespass-to-personal-property claims. We therefore reverse in part and remand.

## I.  BACKGROUND

It is undisputed that Frias had rented one of Uncle Bob's self-storage units, and Uncle Bob seized and sold Frias's property without a court's judgment of foreclosure. Frias sued Uncle Bob, alleging that Uncle Bob violated the Self-Service Storage Facility Act (hereinafter, "Storage Act"). *See* Tex. Prop. Code Ann. ch. 59. Uncle Bob filed a hybrid motion for a traditional and no-evidence summary judgment on all of Frias's claims. Uncle Bob attached, among other evidence, a rental agreement purportedly signed by Frias. Uncle Bob argued that the rental agreement and subsequent sale complied with the Storage Act. Specifically, Uncle Bob argued as follows about Frias's claims:

(1)  A traditional summary judgment was proper on the DTPA claim because Uncle Bob acted in accordance with a written rental agreement;

(2)  A traditional summary judgment was proper on the theft and conversion claims because Uncle Bob acted in accordance with the rental agreement, so Uncle Bob's exercise of control was not unlawful as a matter of law;

(3)  A no-evidence summary judgment was proper on the theft and conversion claims because there was no evidence of each element; and

(4)  A no-evidence summary judgment was proper on the trespass-to-personal-property claim because there was no evidence that Uncle Bob's possession or interference was wrongful.[1]

Frias responded and argued for denial of the motion because there was some evidence that there was no written rental agreement between the parties and the

---

[1] We do not address the motion as it related to Frias's claim for breach of contract because the trial court denied the motion on that claim and Frias later non-suited that claim.

Storage Act "requires court approval for foreclosure and sale." He attached an affidavit wherein he testified in part:

> I never signed the Self Storage Rental Agreement that was attached to Defendant's Motion for Summary Judgment. I never had a written agreement with Uncle Bob's Self Storage or Stor-A-Way Phillippine. I received a contract in the mail in about November, 2011 when Stor-A-Way said that Defendant was transitioning from Stor-A-Way to Uncle Bob's but I did not sign it.

The trial court granted summary judgment to Uncle Bob without specifying the reasons. Frias appealed.

## II.    SUMMARY JUDGMENT

Frias contends the trial court erred by granting summary judgment because Frias's affidavit testimony that he did not sign the rental agreement creates a genuine issue of material fact and amounts to some evidence of his claims.

### A.    Standards of Review

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We take as true all evidence favorable to the nonmovant, indulging reasonable inferences and resolving doubts in the nonmovant's favor. *Id.* at 157; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

For a traditional summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Joe*, 145 S.W.3d at 157. Once the movant establishes its right to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Ballard v. Arch Ins. Co.*, 478 S.W.3d 950, 953 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d

3

22, 23 (Tex. 2000)). When a party files a no-evidence motion for summary judgment, the nonmoving party must present evidence raising a genuine issue of material fact supporting each element contested in the motion. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

When, as here, the trial court does not specify the grounds for its summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). We will review the propriety of summary judgment on each claim and affirm the judgment as to that claim if any of the grounds are meritorious. *See Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.); *see also Cantu v. Frye & Assocs., PLLC*, No. 01-12-00868-CV, 2014 WL 2626439, at *7–8 (Tex. App.—Houston [1st Dist.] June 12, 2004, no pet.) (mem. op.) (reviewing traditional and no-evidence summary judgment grounds on a "claim-by-claim basis").

## B.    DTPA Claim

The Storage Act is a tie-in statute for the DTPA. *See* Tex. Prop. Code Ann. § 59.005 ("A person injured by a violation of this chapter may sue for damages under the [DTPA].").  Under the Storage Act, a lessor such as Uncle Bob has a lien on all property in a storage unit for the charges that are due and unpaid by a tenant such as Frias. *Id.* § 59.006. Generally, a lessor may enforce that lien "only under a judgment by a court of competent jurisdiction that forecloses the lien and orders the sale of the property to which it is attached." *Id.* § 59.041. A lessor may enforce the lien by "seizing and selling the property" without a court's judgment, however, if "(1) the seizure and sale are made under the terms of a contractual landlord's lien as underlined or printed in conspicuous bold print in a written rental agreement between the lessor and tenant; and (2) the seizure and sale

4

are made in accordance with this chapter." *Id.* § 59.041(b).[2]  Accordingly, if there is no written rental agreement, the lessor may not seize and sell the property without a court's judgment of foreclosure.  *See id.* § 59.041.

Frias contends he raised a fact issue about whether there was a written rental agreement through his affidavit testimony that he "never signed the Self Storage Rental Agreement that was attached to Defendant's Motion for Summary Judgment."  Uncle Bob contends that "Frias's self-serving and conclusory affidavit is not competent summary judgment evidence."  We disagree with Uncle Bob. Frias's affidavit is not conclusory on the issue of whether there was a written rental agreement between the parties authorizing the seizure and sale of Frias's property. *See Wasserberg v. 84 Lumber Co., L.P.*, No. 14-10-00136-CV, 2011 WL 3447493, at *3 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, no pet.) (mem. op.) (reversing summary judgment because the affiant's statement that he "did not sign the credit application" was a statement of fact, not conclusory, and raised a genuine issue of material fact); *Douglas v. Wash. Mut. Bank*, No. 14-05-00282-CV, 2006 WL 2862115, at *2 (Tex. App.—Houston [14th Dist.] Oct. 10, 2006, pet. denied) (mem. op.) (holding that the affiant's statement that "she did not sign the document is not conclusory, but a factual statement").

It is undisputed that Uncle Bob seized and sold the property without a court's judgment of foreclosure.  If Uncle Bob did so without a written agreement authorizing Uncle Bob's actions, then Uncle Bob violated the Storage Act and DTPA.  Thus, Frias raised a genuine issue of material fact on his DTPA claim.

---

[2] The statute provides the procedure for the seizure and sale, which includes delivering written notice to the tenant.  *See* Tex. Prop. Code Ann. § 59.042.  We do not recite those requirements in detail because they are unnecessary to the disposition of this appeal.  *See* Tex. R. App. 47.1.

## C.    Trespass-to-Personal-Property Claim

Uncle Bob moved for a no-evidence summary judgment on the element of its "wrongful" possession of or interference with Frias's property. Because Frias raised a fact issue about whether he signed the written rental agreement, and it is undisputed that Uncle Bob seized and sold Frias's property, we hold that Frias adduced some evidence that Uncle Bob's possession of or interference with Frias's property was wrongful. *See* Tex. Prop. Code Ann. § 59.041; *cf. Schoonover v. Morse*, No. 09-13-00377-CV, 2014 WL 9861223, at *5–6 (Tex. App.—Beaumont Dec. 11, 2014, no pet.) (mem. op.) (holding that the trial court reasonably could have found that possession was unlawful when the trial court could have found that a lien was not properly enforced); *Holly Park Condo. Homeowners' Ass'n, Inc. v. Lowery*, 310 S.W.3d 144, 148–49 (Tex. App.—Dallas 2010, pet. denied) (affirming summary judgment for the plaintiff on her wrongful foreclosure claim when the declarations authorized only judicial foreclosure but the association conducted a nonjudicial foreclosure).

## D.    Theft and Conversion Claims

Uncle Bob moved for a no-evidence summary judgment on Frias's claims for theft and conversion. Uncle Bob stated in its motion:

> To establish a claim for conversion or civil theft, a plaintiff must prove that (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. [citation]. Plaintiff has failed to produce any evidence of elements 1, 2, 3 or 4, therefore its' [sic] claim for conversion and civil theft must fail lack [sic] of evidence.

Neither in response to the motion nor on appeal has Frias pointed to evidence in the record to support the third and fourth elements. And Frias has not argued on appeal that Uncle Bob's motion was insufficient as a matter of law or that Frias was excused from proving the third and fourth elements.

Accordingly, we affirm summary judgment on Frias's theft and conversion claims. *See* Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that a party responding to a no-evidence motion cannot merely file evidence and state generally that a genuine issue of fact has been raised; rather, the nonmovant must "point out evidence that raises a genuine issue of fact as to each challenged element"); *see also Am. Gen. Fire & Cas. Co. v. Weinbeg*, 639 S.W.2d 688, 689 (Tex. 1982) (holding that a court of appeals generally errs by reversing the trial court's judgment for unassigned error).

**E.   Damages**

Frias also contends that summary judgment was improper if the trial court granted summary judgment due to the lack of evidence of Frias's damages. Frias correctly notes that Uncle Bob's motion "did not state anything about the damages" for his non-contract claims, and Uncle Bob first raised the issue of damages in its reply to Frias's response to the motion. On appeal, Uncle Bob does not argue that the summary judgment should be affirmed because of a lack of evidence of damages, nor does Uncle Bob contend that the issue was tried by consent.

Accordingly, the summary judgment cannot be affirmed on the basis of a lack of evidence of damages. *See, e.g.*, *1001 McKinney Ltd. v. Credit Suisse First*

7

*Boston Mortg. Capital*, 192 S.W.3d 20, 25 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("In the absence of the nonmovant's consent, a movant may not raise a new ground for summary judgment in a reply to the nonmovant's response."); *see also Hansen v. Jackson*, No. 13-14-00039-CV, 2014 WL 5794872, at \*16 (Tex. App.—Corpus Christi Nov. 6, 2014, pet. pending) (mem. op.) (refusing to consider a ground raised for the first time in a reply when the movant did not argue on appeal that the nonmovant consented to the new ground being raised in a reply).

## III. CONCLUSION

The trial court erred by granting summary judgment to Uncle Bob on Frias's DTPA and trespass-to-personal-property claims. We therefore reverse the part of the trial court's judgment on Frias's DTPA and trespass-to-personal-property claims, affirm the remainder of the judgment, and remand for proceedings consistent with this opinion.

/s/    Sharon McCally
Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown.

8