Throughout the administrative review process, the parties in this case disputed the same two points: whether Martinez was injured in the course and scope of her employment and whether she was disabled. The benefit review officer's report listed two unresolved issues: "Did [Martinez] sustain a compensable injury ...?" and "Did [Martinez] sustain a disability ...?" Under the compensability heading, the benefit review officer noted that SORM's ultimate "[p]osition" was that Martinez's injury did not occur in the "course and scope of her employment."
The parties disputed the same two issues at the contested case hearing. The hearing officer made the finding of fact that "[Martinez] sustained an injury that did not arise out of nor [occur] in the course and scope of her employment." The officer also concluded that "[b]ecause she did not sustain a compensable injury, [Martinez] did not have [a] disability."
And the parties also disputed these issues before the appeals panel. The panel's decision provides that Martinez's fall occurred while she was "in the course and scope of her employment furthering the business affairs of her employer" and that her injuries "arose out of her employment because the employment had a causal connection with her injuries." The appeals panel rendered a decision "that [Martinez] sustained a compensable injury and that [Martinez] had disability from June 10, 2001, through the date of the [contested case hearing]."
Here, the foremost disputed issue was consistently whether Martinez was in the course and scope of her employment when she fell. At different levels, the parties made different arguments and the administrative officers decided this issue on different grounds:
• At the benefit review conference, Martinez argued she had approval to *275 work from home. SORM disagreed. It argued that since Martinez was not in the course and scope of her employment when she was injured, she did not sustain a disability entitling her to benefits. The benefit review officer reported that the two disputed issues remaining after the conference were whether Martinez sustained a compensable injury and whether she was therefore disabled.
• At the contested case hearing, the hearing officer asked both parties if "compensable injury" and "disability" were the two disputed issues "as the parties understand them." SORM and Martinez agreed those were the two issues. At the hearing, Martinez's representative stated Martinez "intend[ed] to show today by her testimony that ... she was injured in the course and scope of her employment" because Martinez's injury occurred during an activity "that has to do and originates with work." SORM argued that it was "not aware" that Martinez was working from home and that she did not have "prior approval" to do so.
• The hearing officer found that Martinez's injuries did not "arise out of her employment" because neither a "hazard ... inherent in the employment" nor an "instrumentality of the [e]mployer" was present.
• The appeals panel decided Martinez was in the course and scope of her employment because she was "furthering the business affairs of her employer." And her injuries "arose out of her employment because the employment had a causal connection with" her fall.
In this case, the "disputed issue" and the issue "decided by the appeals panel and on which judicial review is sought" are the same-whether Martinez was in the course and scope of her employment at the time of her accident. See id. §§ 410.021, 410.302(b). The policy ground SORM argued in the administrative process and the statutory ground it argued in its motion for summary judgment are both arguments that support resolving the issue in SORM's favor. Consequently, SORM was free to raise them at any time. Because the court of appeals expressed no opinion on the merits of SORM's statutory argument, neither need we. We reverse the court of appeals and remand to that court to consider the merits of Martinez's statutory argument and for further proceedings consistent with this opinion.
III
Martinez's Cross-Petition
Martinez raises two issues in her cross-petition. First, she points to the hearing officer's findings that Martinez's injury occurred while she was "furthering the business and affairs of the [e]mployer ... as part of her normal work duties" and "in the course of her work." Martinez argues these findings demonstrate that her injury both arose out of and occurred in the course and scope of her employment. The court of appeals agreed that the officer's findings are relevant to the "course and scope of employment" element of the compensable-injury inquiry. See --- S.W.3d at ----, 2016 WL 548115. But it held the findings were not relevant to the "arises out of employment" element. Id. Accordingly, the court of appeals agreed with the trial court that summary judgment on compensability was inappropriate. See itation index="49" url="https://cite.case.law/citations/?q=2016%20WL%20548115">id. Martinez argues the findings conclusively establish both elements.
Second, Martinez argues that because SORM did not challenge the findings, and that because the findings establish compensability, *276 SORM cannot seek judicial review of any aspect of the compensability of her injury. The court of appeals did not reach this issue, but neither did it concede it. See itation index="50" url="https://cite.case.law/citations/?q=2016%20WL%20548115">id. ("[E ]ven if SORM was required to appeal the hearing officer's factual findings...." (emphasis added)). We address each issue in turn.
A. Contested Case Hearing Findings
The Labor Code's definition of "compensable injury" requires that the injury "arise[ ] out of and in the course and scope of employment." TEX. LAB. CODE § 401.011(10). Our precedent demonstrates that this requirement has two elements. See, e.g. , Leordeanu v. Am. Prot. Ins. Co. , 330 S.W.3d 239, 241 (Tex. 2010) (explaining that a similar requirement in the 1917 Texas Workers' Compensation Act "had two components"). First, the injury must "relate to or originate in ... the employer's business." SeaBright Ins. Co. v. Lopez , 465 S.W.3d 637, 642 (Tex. 2015) (quoting Leordeanu , 330 S.W.3d at 241 ). The court of appeals referred to this as the "arises out of" element. See --- S.W.3d at ----, 2016 WL 548115. Second, the injury must "occur in the furtherance of[ ] the employer's business." Seabright , 465 S.W.3d at 642 (quoting Leordeanu , 330 S.W.3d at 241 ). The court of appeals referred to this as the "course and scope" element.[8] See --- S.W.3d at ----, 2016 WL 548115. For clarity, we use the same terms that the court of appeals did.
Martinez argues that the contested-case hearing's findings conclusively established both elements. Before determining whether the findings were conclusive, we must explore what they established. She relies on two findings of fact from the hearing officer's report: that she was "furthering the business and affairs of" her employer and that she was in "the course of her work" when she fell. The first finding explicitly refers to "furtherance," which is the traditional way in which courts state the requirement's second element. See, e.g. , Seabright , 465 S.W.3d at 642. Similarly, the second finding mentions "course." We agree with the court of appeals that both findings relate to the "course and scope" (i.e., "furtherance") element of the compensability test. See --- S.W.3d at ----, 2016 WL 548115.
Our conclusion finds support in the finding of fact that immediately follows those on which Martinez relies. Namely, the hearing officer also concluded that Martinez's injury "did not involve any instrumentality" of her employer. Injuries that involve an employer's instrumentality are more likely to arise out of employment than to arise by chance. Thus, it appears this finding relates to the "arises out of" element. The hearing officer's next finding *277 offers further support. It states that Martinez's injury "did not arise out of nor [occur] in the course and scope of her employment." The officer's use of "nor" demonstrates that the report contemplated the distinction between the two elements. And the finding itself explicitly states the opposite of what Martinez urges that the report establishes. The report's conclusion of law undercuts Martinez's argument even further: Martinez "did not sustain a compensable injury."
We agree with the court of appeals that Martinez is not free to pick and choose among the hearing officer's findings of fact. See ion index="60" url="https://cite.case.law/citations/?q=2016%20WL%20548115">id. This is especially true when the conclusion she asks us to draw is contrary to some of the report's findings of fact, to its main conclusion of law, and to the very decision that the hearing officer used the findings to support. Since Martinez's argument-at most-established only the "course and scope" element, SORM certainly remained free to argue that the "arises out of" element precluded compensability. Thus, the court of appeals properly affirmed the trial court's denial of Martinez's motion for summary judgment. See itation index="61" url="https://cite.case.law/citations/?q=2016%20WL%20548115">id.
B. Preservation
The hearing officer's findings established, if anything, that Martinez was within the "course and scope" of employment when she fell. Our next task is to determine whether the Labor Code requires SORM to appeal those findings. We conclude it does not.
The Labor Code limits the trial court's judicial review to those "issues decided by the appeals panel." TEX. LAB. CODE § 410.302(b). As the court of appeals noted, a split exists in the appellate courts "on whether the term 'issues' encompasses each factual finding of a hearing officer at a contested case hearing, thereby requiring a party to appeal each adverse factual finding to avoid forfeiture of judicial review." See --- S.W.3d at ----, 2016 WL 548115 (first citing Zurich Am. Ins. Co. v. Debose , No. 01-13-00344-CV, 2014 WL 3512769, at *8-11 (Tex. App.-Houston [1st Dist.] July 15, 2014, pet. denied) (mem. op.); and then citing Lopez v. Zenith Ins. Co. , 229 S.W.3d 775, 778-79 (Tex. App.-Eastland 2007, pet. denied) ).
Within the administrative review process, the hearing officer must determine whether benefits are due and must issue a decision that includes findings of fact as well as conclusions of law. TEX. LAB. CODE § 410.168(a). To appeal the officer's decision to the appeals panel, the appealing party must rebut "the decision of the [hearing officer] on each issue on which review is sought." Id. § 410.202(c). The appeals panel's decision may include a discussion of "errors at the contested case hearing" including "findings of fact for which insufficient evidence exists" and "findings of fact or conclusions of law regarding matters that were not properly before the [hearing officer]." Id. § 410.204(a-1)(3)(a), (c). Then, on judicial review, the Labor Code limits the de novo trial to "issues decided by the appeals panel." Id. § 410.302(b).
The Labor Code makes clear that a hearing officer's incorrect findings of fact are "errors" but not "issues." While issues require individual appeal, errors do not. See id. § 410.202(c). Accordingly, a party need not appeal every finding related to an issue in order to preserve the issue for judicial review. Because the trial court conducts review under the modified de novo standard, there is no requirement that it defer to the hearing officer's factual findings. Thus, a party's failure to challenge a factual finding does not preclude a trial court from reviewing the issue that the finding purportedly supports.
*278 Consequently, even if the hearing officer's report did establish that Martinez was in the "course and scope of employment" when she fell, the officer's ultimate conclusions that Martinez "did not sustain a compensable injury" and "did not have [a] disability" are the only issues either party could have appealed. The officer resolved these issues in SORM's favor. As a result, on judicial review, SORM remained free to present arguments relating to both elements of compensability (i.e., that an injury must "arise" out of the "course and scope" of employment). See id. § 401.011(10).
IV
Conclusion
The line between issues and arguments may not always be easy to articulate, but the parties' actions usually point to where it lies. Edna Martinez injured herself while working from home. The foremost issue is whether her home is a location that can give rise to a workers' compensation claim. We remand to the court of appeals to consider all of SORM's arguments on this issue. By contrast, we agree with the court of appeals that the hearing officer's report establishes a line between the findings of origination and furtherance. And even if that were not so, the Labor Code requires parties to appeal "issues," not findings-especially not findings that purportedly "support" an outcome contrary to the decision that the hearing officer renders. We affirm the court of appeals' decision upholding the trial court's denial of Martinez's motion for summary judgment.
Justice Boyd did not participate in the decision.

There are two ways to parse the phrase "arises out of and in the course and scope of employment." Both versions comprise the same two elements. The phrase could mean that the injury must "arise out of the course and scope" and must "arise in the course and scope." Or the phrase could mean that the injury must "arise out of employment" and must "[occur] in the course and scope of employment." Both versions capture the two elements that a workers' compensation claim has always required: origination and furtherance. See Act effective Mar. 28, 1917, 35th Leg., R.S., tit. 130, ch. 3, art. 8309, printed in 2 Revised Civil Statutes of the State of Texas , at 2391, 2414 (Austin, A. C. Baldwin & Sons 1925) (defining "course of employment" to require origination and furtherance); see also Leordeanu , 330 S.W.3d at 244 ("Although the [1917 Workers' Compensation] Act was completely overhauled in 1989, the operative language of section 401.011(12) largely tracks the 1917 definition of course of employment.... The revisions ... appear to have been attempts at clarification rather than substantive changes."). Thus, it makes little difference that the court of appeals referred to the elements as "arises out of" and "course and scope" rather than "origination" and "furtherance."