

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-14-00558-CV

Edna A. **MARTINEZ**,
Appellant

v.

**STATE OFFICE OF RISK MANAGEMENT**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-17102
Honorable Antonia Arteaga, Judge Presiding

### DISSENT TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

Dissenting Opinion by: Liza A. Rodriguez, Justice, joined by Rebeca C. Martinez, Justice

Sitting en banc:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice[1]
Beth Watkins, Justice (not participating)
Liza A. Rodriguez, Justice

Delivered and Filed: May 15, 2019

I respectfully dissent from the denial of the appellant's motion for rehearing en banc for

the reasons discussed below.

---

[1] Justice Rios votes to deny the motion for reconsideration en banc because neither of the requirements for en banc consideration are satisfied in this case. *See* TEX. R. APP. P. 41.2(c) (providing that en banc consideration is "not favored" and "should not be ordered unless necessary to secure or maintain uniformity of a court's decisions" or unless required by "extraordinary circumstances").

After the Supreme Court reversed on the jurisdictional issue and remanded for consideration of Martinez's substantive issue, this court issued an opinion affirming the trial court's summary judgment in favor of the State Office of Risk Management ("SORM"). *See Martinez v. State Office of Risk Management*, No. 04-14-00558-CV, 2018 WL 5808333 (Tex. App.—San Antonio Nov. 7, 2018, no pet. h.) ("*SORM II*"). The court agreed with SORM that Martinez's violation of sections 658.010 and 659.018 of the Texas Government Code "affects" the compensability of her injury. *See id.* at *5. The two statutes govern the place where a state employee may work and earn compensation for the hours worked. *See* TEX. GOV'T CODE ANN. §§ 658.010, 659.018. After performing a statutory interpretation analysis, the court held that the two Government Code statutes do not merely regulate "the manner of doing work," as argued by Martinez, but "limit a state employee's scope of employment by mandating that the state employee obtain prior written authorization before working at home." *SORM II*, 2018 WL 5808333, at *8-9. The court concluded that, based on Martinez's testimony admitting she did not obtain prior approval before working from home, it was undisputed that she did not comply with the Government Code statutes and therefore she was not acting within the scope of her employment when she fell; thus, she did not sustain a compensable injury.[2] *Id.* at *9.

In reaching its conclusion, the court rejected Martinez's argument that the two Government Code statutes do not control in this situation because they conflict with the Texas Worker's Compensation Act, as codified in sections 401.001 through 419.007 of the Labor Code. *See id.* As Martinez pointed out, section 401.011(12) of the Worker's Compensation Act defines "course

---

[2] The Labor Code defines a "compensable injury" as "an injury that arises out of and in the course and scope of employment for which compensation is payable . . . ." TEX. LAB. CODE ANN. § 401.011(10). The Supreme Court clarified that the requirement of a "compensable injury" contains two elements—the injury must "arise out of" and occur "within the course and scope" of the employment. *State Office of Risk Management v. Martinez*, 539 S.W.3d 266, 276 (Tex. 2017).

and scope of employment," which is an element of a compensable injury, as including "an activity conducted on the premises of the employer or at other locations." TEX. LAB. CODE ANN. § 401.011(12). Thus, the Worker's Compensation Act contemplates an employee working from "other locations," which would include from home. Further, as noted by Martinez, the legislative history contains nothing to indicate the legislature intended the two Government Code statutes to supersede section 401.011(12)'s definition of the scope of employment for purposes of worker's compensation. I disagree with the court's conclusion in *SORM II* that sections 658.010 and 659.018 of the Government Code do not conflict with section 401.011(12) of the Labor Code. *See SORM II,* 2018 WL 5808333, at \*9 (finding no conflict between the plain language of the three statutes).

I also disagree with the opinion's statement that, even if the statutes were irreconcilable, the Government Code provisions would control because they are the more specific provisions. *See id.* To the contrary, in my view of the plain statutory language, the Government Code statutes regulating where *any state employee* may work for compensation are the more general provisions, while the Worker's Compensation Act's definition of the "course and scope of employment" is the more specific provision in that it applies only to the small subset of employees who sustain an injury while working. Therefore, I would hold that section 401.011(12)'s definition of "course and scope of employment" controls in this situation. Because that statute contemplates working from "other locations," including from home, Martinez's failure to comply with the Government Code's requirement of prior approval is not dispositive of the summary judgment issue, i.e., the issue of whether she sustained a compensable injury.

I also believe the summary judgment record raises a disputed fact question on the issue of whether Martinez had authority from her employer to work at home. As recognized by this court

in *SORM I*, there was evidence that the Department of Family and Protective Services's policy allowed Martinez to work from home. *See Martinez v. State Office of Risk Management*, No. 04-14-00558-CV, 2016 WL 548115, at *8 (Tex. App.—San Antonio Feb. 10, 2016) (mem. op.), *aff'd in part*, *rev'd in part*, 539 S.W.3d 266 (Tex. 2017) *("SORM I")*. Further, as the *SORM I* opinion states, "[a]s the appeals panel noted in its decision, '[t]here is evidence to support the hearing officer's decision that the claimant had the authority to work at home at the time.'" *Id.* Under the standard of review for a traditional summary judgment, we consider all the evidence in the light most favorable to the non-movant, and indulge all reasonable inferences from the evidence in favor of the non-movant, in determining whether the movant proved there were no genuine issues of material fact and it was entitled to judgment as a matter of law. *See id.* at *4 (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)). Having determined that Martinez's violation of the Government Code does not entitle SORM to judgment as a matter of law, I would hold that the summary judgment record raises a genuine issue of material fact concerning whether Martinez had authority from her employer to work from home.

Based on these reasons, I would grant Martinez's motion for rehearing en banc, withdraw the panel opinion in *SORM II*, and re-submit the appeal for consideration by the en banc court.

Liza A. Rodriguez, Justice