

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00906-CV

**AMERICAN HOME ASSURANCE COMPANY**,
Appellant

v.

Noela **DE LOS SANTOS**, Individually and as next friend of Kimberly A. Ruiz,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-11-45222-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: October 30, 2019

REVERSED AND REMANDED

Juan De Los Santos was employed by Ram Production Services, Inc. when he was killed in a motor vehicle accident while driving from his residence to the ranch where he was assigned to work. In the underlying cause, Juan's wife, Noela De Los Santos, both individually and as next friend of Kimberly A. Ruiz, sought judicial review of the Texas Department of Insurance, Division of Workers' Compensation appeals panel's decision upholding a hearing officer's decision that Juan was not in the course and scope of his employment at the time of the accident.

After the parties filed competing motions for summary judgment, the trial court denied Ram Production's insurance carrier's motion. The trial court concluded as a matter of law that Juan was in the course and scope of his employment at the time of the accident, reversed the appeals panel's decision, and granted summary judgment for Noela.

American Home Assurance Company, Ram Production's workers' compensation insurance carrier, appeals the trial court's judgment. The sole issue presented on appeal asks "Was the truck [Juan] was driving at the time of the accident gratuitously furnished by [Ram Production] rendering him outside the course and scope of his employment?" We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

## PROCEDURAL BACKGROUND

This is the second appeal arising from a summary judgment entered in Noela's favor in the underlying cause. The judgment considered in the prior appeal was similarly based on competing motions for summary judgment. The first summary judgment, however, was based exclusively on agreed facts stipulated by the parties. This court reversed the first summary judgment, holding genuine issues of material fact existed as to whether Juan's travel at the time of the accident originated in Ram Production's business. *See Am. Home Assurance Co. v. De Los Santos (De Los Santos I)*, No. 04-10-00852-CV, 2012 WL 4096258 (Tex. App.—San Antonio Sept. 19, 2012, pet. denied) (mem. op.).

After the cause was remanded, American Home moved for summary judgment on no-evidence and traditional grounds again asserting that Juan was not in the course and scope of his employment at the time of the accident. Noela filed a response and cross-motion for summary judgment, and American Home filed a reply. In addition to the previously agreed, stipulated facts, American Home filed an affidavit from Ram Production's owner who was also Juan's supervisor, and Noela filed her own affidavit and payroll records from Ram Production. After hearing the

competing motions, the trial court concluded as a matter of law that Juan was in the course and scope of his employment. The trial court denied American Home's motion and granted summary judgment for Noela.

## STANDARDS OF REVIEW

"We review a trial court's order granting summary judgment de novo, taking 'as true all evidence favorable to the nonmovant,' and 'indulg[ing] every reasonable inference and resolv[ing] any doubts in the nonmovant's favor.'" *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017) (alterations in original) (quoting *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "[W]hen [a] motion asserts both no-evidence and traditional grounds, we first review the no-evidence grounds." *Id*.

A trial court properly grants a "a defendant's no-evidence motion for summary judgment if the plaintiff has produced no more than a scintilla of evidence on an essential element of the cause of action, that is, if the plaintiff's evidence does not rise 'to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 625 (Tex. 2018) (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600–01 (Tex. 2004)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

"To prevail on a traditional motion for summary judgment, however, the movant must 'show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.'" *Hansen*, 525 S.W.3d at 681 (quoting *Provident Life*, 128 S.W.3d at 216). "An issue is conclusively established 'if reasonable minds could not differ about the conclusion to be drawn from the facts in the record.'" *Id*. (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998)).

"When the parties file competing summary judgment motions and the trial court grants one and denies the other, 'we consider the summary judgment evidence presented by both sides, determine all questions presented, and if the trial court erred, render the judgment the trial court should have rendered.'" *Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018) (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015)).

### COURSE AND SCOPE OF EMPLOYMENT: ORIGINATION COMPONENT

"The Labor Code's definition of 'compensable injury' requires that the injury 'arise[] out of and in the course and scope of employment.'" *State Office of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 276 (Tex. 2017) (quoting TEX. LAB. CODE ANN. § 401.011(10)). "Course and scope of employment" is defined as "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." TEX. LAB. CODE ANN. § 401.011(12).

The course and scope of employment definition contains two elements. *Martinez*, 539 S.W.3d at 276. "First, the injury must 'relate to or originate in . . . the employer's business.'" *Id*. (alteration in original) (quoting *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 642 (Tex. 2015)). "Second, the injury must 'occur in the furtherance of[] the employer's business.'" *Id*. (alteration in original) (quoting *SeaBright Ins. Co.*, 465 S.W.3d at 642). Here, only the first element is at issue.[1]

---

[1] Although the "coming and going" exclusion generally excludes transportation to and from a person's place of employment from being within the course and scope of employment, an exception to the exclusion applies when "the transportation is furnished as a part of the contract of employment or is paid for by the employer." *See SeaBright Ins. Co.*, 465 S.W.3d at 645 (quoting TEX. LAB. CODE ANN. § 401.011(12)(A)(i)). Even where an exception to the "coming and going" exclusion applies, however, the employee must still satisfy the origination and furtherance elements. *Id.* In this case, the parties stipulated the truck Juan was driving was furnished as part of Juan's employment contract, and American Home concedes the furtherance element of the course and scope definition was satisfied. Therefore, the sole issue on appeal is whether the evidence conclusively proves Juan's fatal trip originated in Ram Production's business.

An employee's "travel to and from work generally [does] not originate in the employer's business because '[t]he risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers.'" *SeaBright Ins. Co.*, 465 S.W.3d at 642 (second alteration in original) (quoting *Evans v. Ill. Emp'rs Ins. of Wausau*, 790 S.W.2d 302, 305 (Tex. 1990)). "However, a distinction can be made if 'the relationship between the travel and the employment is so close that it can fairly be said that the injury had to do with and originated in the work, business, trade or profession of the employer.'" *Id*. (quoting *Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 292 (Tex. 1965)). "This inquiry is satisfied if the employee's travel was 'pursuant to express or implied conditions of his employment contract.'" *Id*. (quoting *Meyer v. W. Fire Ins. Co.*, 425 S.W.2d 628, 629 (Tex. 1968)). "Courts have generally employed a fact-intensive analysis to determine whether an employee's travel originated in the employer's business, focusing on the nature of the employee's job, the circumstances of the travel, and any other relevant facts." *Id*. at 642–43.

For example, evidence that the employer provided or paid for the transportation is probative of whether the employee's trip originated in the employer's business. *Am. Cas. Co. of Reading, Pa. v. Bushman*, 480 S.W.3d 667, 674 (Tex. App.—San Antonio 2015, no pet.); *Zurich Am. Ins. Co. v. McVey*, 339 S.W.3d 724, 730 (Tex. App.—Austin 2011, pet. denied). However, "the mere gratuitous furnishing of transportation by the employer to the employee as an accommodation, and not as an integral part of the contract of employment," does not by itself establish that the injury originated in the employer's business. *Am. Gen. Ins. Co. v. Coleman*, 303 S.W.2d 370, 376 (Tex. 1957); *see De Los Santos I*, 2012 WL 4096258, at *4; *McVey*, 339 S.W.3d at 730. "In other words, employer-provided transportation that amounts to a necessity from the employer's perspective, and not just an accommodation to the employee, may be sufficient to prove that travel originated in the employer's business." *De Los Santos I*, 2012 WL 4096258, at

*4 (citing *McVey*, 339 S.W.3d at 730). "The idea of 'necessity' for furnishing the transportation originates in *Coleman*'s language of 'an integral part of the contract of employment.'" *Seabright Ins. Co. v. Lopez*, 427 S.W.3d 442, 449 n.1 (Tex. App.—San Antonio 2014), *aff'd*, 465 S.W.3d 637 (Tex. 2015) (quoting *Coleman*, 303 S.W.2d at 376). The Austin court has interpreted "necessity" as meaning the employer was required to furnish the transportation in order to secure the worker's services. *See id.* (citing *Rose v. Odiorne*, 795 S.W.2d 210, 214 (Tex. App.—Austin 1990, writ denied)).

"There is no bright line rule for determining if employee travel originates in the employer's business; each situation is dependent on the facts. No single fact is [necessarily] dispositive . . . ." *De Los Santos I*, 2012 WL 4096258, at *4 (citation omitted) (citing *McVey*, 339 S.W.3d at 730). As previously noted, courts consider "the nature of the employee's job, the circumstances of the travel, and any other relevant facts." *SeaBright Ins. Co.*, 465 S.W.3d at 642–43.

### *DE LOS SANTOS I*

The only evidence in the record supporting the first summary judgment was the stipulated, agreed facts which we summarized in our decision in *De Los Santos I* as follows:

> According to the agreed facts, De Los Santos was an employee of Ram Production Services. He did not work in an office, but instead was assigned to work on a gas lease located on a large piece of fenced ranchland. The employer furnished De Los Santos with a company-owned truck and paid for work-related fuel expenses. The truck was not for personal use. De Los Santos spent a significant part of his workday traveling to wells and job sites within a designated area known as the Buck Hamilton Ranch. De Los Santos entered the ranch through the only entrance, a gate where he was signed in by a guard. De Los Santos traveled to the exact same location each day to begin his workday, which started at 6:00 a.m. De Los Santos was a salaried employee, who was not paid extra for his travel.

> The accident that resulted in De Los Santos's death occurred on a public highway at approximately 5:50 a.m. while De Los Santos was traveling in the company truck from his home in Orange Grove, Texas, to the Buck Hamilton Ranch near Hebbronville to begin his workday. On the morning of the accident, De Los Santos was scheduled to meet Rogelio Clarke at a well located on the ranch. Clarke and De Los Santos were going to perform work on the well. Clarke was not

an employee hired by the employer, but was De Los Santos's work-related acquaintance. The meeting was not scheduled by the employer. Clarke and De Los Santos had spoken on the phone to set up the meeting. De Los Santos had agreed to bring a barrel to the worksite to catch any petroleum liquid that spilled while they were working on the well.

*De Los Santos I*, 2012 WL 4096258, at *1.

In determining that Noela failed to conclusively establish Juan's travel originated in Ram Production's business, this court reasoned as follows:

> [T]he evidence shows that the employer provided De Los Santos with a company truck, but the evidence fails to establish why the truck was furnished. None of the stipulated facts address the issues of whether the employer provided De Los Santos with a company truck because the worksite was remote, or because the company-furnished truck was part of the employer's plan to have its employees arrive and leave at the same time. Nor do the stipulated facts show it was necessary for the employer to furnish De Los Santos with a company truck in order to induce him to work at this worksite. The evidence simply does not demonstrate that the company truck driven by De Los Santos was an integral part of his employment contract. And, the mere gratuitous furnishing of a vehicle by an employer to the employee as an accommodation is not sufficient to bring an employee within the protection of the workers' compensation statute.

*Id*. at *5. In rejecting American Home's argument that it met its burden on its competing motion for summary judgment by conclusively establishing Juan's travel at the time of the accident did not originate in Ram Production's business, we reasoned as follows:

> [T]he summary judgment evidence showed that (1) De Los Santos worked on a gas lease located on a large piece of fenced ranchland; (2) De Los Santos did not have an office or central location as a fixed place of employment; (3) De Los Santos spent a significant period of his work time traveling to wells and job sites within the ranch; (4) at the time of the accident De Los Santos was traveling from his home in Orange Grove, Texas to the ranch, which was located near Hebronville; (5) at the time of the accident De Los Santos was driving a truck owned by his employer; (6) the truck was furnished as part of De Los Santos's employment contract and was not for personal use; and (7) the employer paid for work-related fuel expenses. Indulging every reasonable inference in favor of Mrs. De Los Santos and resolving any doubts in her favor, we conclude there was a genuine issue of material fact as to whether De Los Santos's travel at the time of the accident originated in his employer's business.

*Id*. at \*6.  Based on the foregoing, we concluded "both parties failed to establish they were entitled to judgment as a matter of law" and, therefore, "the trial court erred in granting Mrs. De Los Santos's summary judgment motion, but did not err in denying American Home's summary judgment motion." *Id*.  We then remanded the cause to the trial court for further proceedings.

### ADDITIONAL EVIDENCE PRESENTED ON REMAND

As previously noted, on remand, American Home also relied on an affidavit from Fidel Ramirez, who was the owner of Ram Production and Juan's supervisor at the time of the accident. In response to the evidence we noted was missing in *De Los Santos I*, Ramirez stated Ram Production did not provide Juan the truck "as a necessity nor was it an integral part of [his] employment contract" because Juan's job "did not require him to travel to other job sites."  In addition, Ramirez stated the truck "was not provided to [Juan] because the work site was remote." Ramirez further stated he discovered Juan lived farther away from the work site when Juan returned to the company's employment in 2004 than when he previously worked for the company and lived in Freer, Texas, which is approximately thirty miles from the work site.  Upon discovering this, Ramirez stated he gave Juan "the option to either pick up and drop off the company provided truck in Freer, Texas on his way to and from the [work site] every day, or he needed to pay for a tank of gas a week."  Ramirez further stated the truck "was also not provided in order to facilitate ride sharing or car pools" because Juan "was not expected to pick up his coworkers or anyone else who was working for Ram Production."  Finally, the affidavit stated the truck was not furnished to induce Juan to work at the work site but only as an accommodation to Juan.

Noela added her own affidavit to the summary judgment evidence in addition to several pages from Juan's payroll records.  As Noela stated in her affidavit, the payroll records show the company reported the truck as income to Juan and withheld taxes on that income as part of Juan's

wages. At the hearing, however, the trial court noted the company's payroll records were simply consistent with IRS requirements.

In her affidavit, Noela stated Juan worked as a gauger and lease operator for Ram Production on a lease located on a very large tract of land over fifty miles from their residence. Noela also stated Juan carried the tools and equipment necessary to perform his job in the truck. Noela further stated Juan used the truck not only for transportation to the work site but also "as a necessary means to get around the rural oil lease and perform his job duties." Noela described the truck as "a mobile office for Juan." Noela stated Juan used the truck only for work and "had to use the company vehicle to be able to perform his job duties." Finally, Noela stated "Juan would not have continued this job without being provided a company truck to get to and from the rural lease and to be able to do his job at the rural lease."

### NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

We first consider the trial court's denial of American Home's no evidence motion for summary judgment by considering whether Noela produced more than a scintilla of evidence to show Juan's travel at the time of the accident originated in Ram Production's business. *See Tatum*, 554 S.W.3d at 625; *Hansen*, 525 S.W.3d at 680.

Here, it is undisputed that Ram Production provided Juan with the truck and paid most of the fuel expenses. In addition, Noela's affidavit provided more than a scintilla of evidence to establish the truck was furnished to Juan by Ram Production to induce him to work as a gauger and lease operator on a rural lease. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Noela described the lease as being in a rural location and stated Juan would not have continued the job without being provided with the truck. Accordingly, the trial court did not err in denying American Home's no evidence motion. *See Tatum*, 554 S.W.3d at 625; *Hansen*, 525 S.W.3d at 680. We next turn to the competing motions on traditional grounds.

**TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT**

"The duty of the court hearing [a] motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits." *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952); *accord Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 87 (Tex. 2018). "The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings . . . , the motion will not be granted." *Gulbenkian*, 252 S.W.2d at 932. Stated differently, "a summary judgment that involves the credibility of affiants will not be granted since it cannot be said that no genuine issue of fact exists." *Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 555 (Tex. App.—San Antonio 1998, no pet.). This summary judgment principle prevents litigants from being deprived of "their right to a full hearing on the merits of any real issues of fact." *Id.*

Here, each side raised genuine issues of material fact to defeat the other's traditional motion. For example, Ramirez's affidavit contains facts that conflict with averred facts in Noela's affidavit. While Noela described the lease as being located in a rural area, Ramirez stated the truck was not provided to Juan because the work site was remote. Although Noela stated Juan would not have continued the job absent the provision of the truck, Ramirez stated he did not need to furnish the truck to Juan to induce him to work on the lease.

Taking the evidence in Noela's affidavit as true, we conclude Noela raised a genuine issue of material fact on whether the truck was an integral part of Juan's employment contract which Ram Production was required to furnish in order to secure Juan's services, thereby establishing the truck was a necessity and that Juan's travel in the truck originated in Ram Production's business. *See Seabright Ins. Co.*, 427 S.W.3d at 449 n.1; *Rose*, 795 S.W.2d at 214.

Taking the evidence in Ramirez's affidavit as true, we conclude American Home raised a genuine issue of material fact on whether the truck was merely gratuitously provided as an

accommodation, thereby establishing Juan's travel in the truck did not originate in Ram Production's business. *See Coleman*, 303 S.W.2d at 376; *De Los Santos I*, 2012 WL 4096258, at *4; *McVey*, 339 S.W.3d at 730.

The trial court was presented with conflicting affidavits supporting opposite findings. Because Noela and American Home each raised genuine issues of material fact, neither party was entitled to judgment as a matter of law, and the trial court erred in granting Noela's motion.[2]

## CONCLUSION

Because the summary judgment evidence raised genuine issues of material fact as to whether Juan's travel at the time of the accident originated in Ram Production's business, the trial court erred in granting summary judgment for Noela. The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Patricia O. Alvarez, Justice

---

[2] Our decision is consistent with our prior decision in *Poole v. Westchester Fire Ins. Co.*, 830 S.W.2d 183 (Tex. App.—San Antonio 1992, writ denied). In that case, the employer presented summary judgment evidence that a company car was provided as an accommodation while the employee's widow presented summary judgment evidence that the company car was a necessity. *See id.* at 186–87. We concluded the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether the employee "received the use of the company car as an integral part of his contract of employment." *Id.* at 187.