# Court of Appeals
## Tenth Appellate District of Texas

10-26-00042-CV

Jesus Juarez a/k/a Ismael Juarez,
Appellant

v.

Texas Mutual Insurance Company,
Appellee

On appeal from the
474th District Court of McLennan County, Texas
Judge E. Alan Bennett, presiding
Trial Court Cause No. 2025-79-6

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

On January 29, 2026, Jesus Juarez a/k/a Ismael Juarez filed a petition in the district court against the Texas Department of Insurance-Division of Workers' Compensation (TDI-WC) and Texas Mutual Insurance Co. seeking a judicial review of an adverse decision by an appeals panel of the TDI-WC. The adverse decision ruling is dated January 14, 2026. The trial court clerk determined that the petition was an appeal of a prior lawsuit filed by Juarez

against his employer, CellTech Cargo, LLC., which was nonsuited with prejudice by a signed order of the trial court on August 27, 2025. The trial court clerk forwarded the pleadings filed by Juarez on January 29, 2026, to this Court as an appeal, and it was filed as such.

By letter from the Clerk of this Court that same date, Juarez was directed to file a response relating to this Court's jurisdiction because there does not appear to be a final, appealable judgment as to the TDI-WC or Texas Mutual Insurance Company. In the alternative, in that same letter, Juarez was informed that the notice of appeal was untimely if Juarez was attempting to appeal from the order granting the nonsuit on August 27, 2025, unless a response was filed showing grounds for continuing the appeal.

Juarez filed a response to the Clerk's letter and stated that he is representing himself and does not have an attorney but is trying to appeal the determination through the workers' compensation process that his impairment rating is 0%. By his response and pleadings, it appears that Juarez does not understand the procedure of a workers' compensation case in the judicial system. Juarez's response does not appear to state that he is appealing the prior order of August 27, 2025.

The Texas Workers' Compensation Act ("TWCA") provides that the recovery of workers' compensation benefits is the exclusive remedy for a legal

beneficiary of an employee covered by workers' compensation insurance for a work-related death or injury if an employee is covered by workers' compensation insurance. TEX. LAB. CODE § 408.001(a); *W. Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006) (per curiam). At the administrative level, disputed claims for benefits proceed through a three-step process: a benefit-review conference, a contested-case hearing, and an administrative appeal. *Tex. Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504, 514 (Tex. 1995); *see* TEX. LAB. CODE §§ 410.021-.034, 410.151-.169, 410.201-.209; *see also State Office of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 268-69 (Tex. 2017). A party who has exhausted his administrative remedies and is aggrieved by a final decision of the appeals panel may seek judicial review in the district court. TEX. LAB. CODE ANN. §§ 410.251-.252; *Cont'l Cas. Ins. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000).

If a party seeks judicial review of a final appeals panel's decision regarding "compensability or eligibility for or the amount of income or death benefits," then the district court would review the appeals panel's decision under a modified *de novo* standard of review. *Rodriguez v. Serv. Lloyds Ins.*, 997 S.W.2d 248, 253 (Tex. 1999); *see* TEX. LAB. CODE § 410.304.

The notice of appeal and attached documents clearly establish that the "appeal" sought by Juarez should have proceeded in the district court, and the

trial court clerk erred in construing it as a notice of appeal to this Court.

Therefore, we dismiss this appeal for want of jurisdiction.[1] *See* TEX. R. APP. P.

42.3(a).

_____
STEVE SMITH
Chief Justice

OPINION DELIVERED and FILED:  February 26, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Appeal dismissed
CV06



---

[1] Presumably, this dismissal should not, in and of itself, affect Juarez's ability to continue the underlying proceeding in the trial court.  Whether or not Juarez properly complied with the other requirements of the Labor Code to be allowed to proceed in the trial court is not before us.